| | | |
|---|---|---|
| TENNESSEE STATE CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF TENNESSEE, SHELBY COUNTY VOTERS ALLIANCE, FREE HEARTS, VICKIE TERRY, NOEL HUTCHINSON, PASTOR IVORY JACK-SON, BISHOP MARVIN F. THOMAS, SR., TAJUAN STOUT MITCHELL, and GLORIA SWEET-LOVE, | ) ) ) ) ) ) ) ) ) ) | No. 3:26-cv-00638 JUDGE RICHARDSON THREE-JUDGE COURT REQUESTED |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| TRE HARGETT, in his official capacity as Secretary of State; MARK GOINS, in his official capacity as Coordinator of Elections of Tennessee; STATE ELEC-TION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, JIMMY ELDRIDGE, MIKE MCDONALD, SECONDRA MEADOWS, VANECIA BELSER KIMBROW, and KENT YOUNCE, in their official capacities as members of the State Election Commis-sion, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

**DEFENDANTS' UNOPPOSED MOTION AND MEMORANDUM OF LAW FOR
REASSIGNMENT OF RELATED CASE UNDER ADMINISTRATIVE ORDER 176**

## INTRODUCTION

This case is the third redistricting challenge to be filed in this District since Tennessee enacted a new congressional redistricting plan. The first-filed case, *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn.), is assigned to Chief Judge Campbell. The second-filed case, *Sherman v. Hargett*, No. 3:26-cv-00616 (M.D. Tenn.), has now been reassigned to Chief Judge Campbell consistent with Administrative Order 176. Plaintiffs seek the same emergency relief is this case as both the *Hale* and *Sherman* cases. And Plaintiffs' Count I presents a similar intentional discrimination theory to Count I of the *Sherman* case. Just as the *Sherman* case has been reassigned to Chief Judge Campbell, this case should be reassigned too.

Counsel for the parties have conferred, and Plaintiffs do not oppose reassignment.

## BACKGROUND

Last week, the Tennessee General Assembly held a special session to redistrict Tennessee's congressional seats. *See* 2026 Tenn. Pub. Ch. 1-4, 2d Extra. Sess. This case is the third-filed case in this District to challenge the enacted congressional districts.

The first-filed case is *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn.), filed on May 7, 2026. There, a group of voters, candidates, and the Tennessee Democratic Party filed a complaint against Governor Bill Lee, Secretary of State Tre Hargett, and Tennessee Coordinator of Elections Mark Goins. *See generally* Dkt. 23, Hale Am. Compl. (Ex. 1). They challenge the new congressional districts, as well as revisions to the candidate qualifying

1

requirements, which they refer to collectively as "the Act." *Id*. ¶5. They claim that this new legislation could create election administration problems violating the First and Fourteenth Amendment, *id.* ¶¶75-80, and that the new districts burden their First Amendment associational rights, *id.* ¶¶81-87. They request that the court "enjoin the implementation and enforcement of the Act for the 2026 federal election cycle," either in the form of a preliminary or permanent injunction. *Id.* ¶12; *see also id.* p.22 (Prayer for Relief).

The *Hale* case was assigned to Chief Judge Campbell. Chief Judge Campbell has denied Plaintiffs' request for a temporary restraining order. Dkt. 42, Order, *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn. May 14, 2026). Defendants in the *Hale* case have notified Chief Judge Campbell that their position is that a three-judge panel is required to hear Plaintiffs' constitutional claims, and the *Hale* Plaintiffs did not oppose. *See id.* Dkt. 37; *id.* Dkt. 38.

The second-filed case is *Sherman v. Hargett*, No. 3:26-cv-00616 (M.D. Tenn.), filed on May 11, 2026. There, a group of voters and two organizations sued Secretary of State Tre Hargett, Coordinator of Elections Mark Goins, and the State Election Commission and its members. *See generally* Dkt. 1. Like the plaintiffs in *Hale* and the instant case, the *Sherman* plaintiffs challenge Tennessee's congressional map. *Id.* They contend it unconstitutionally discriminates against black voters. *Id*. ¶¶100-109. And they contend, like the *Hale* plaintiffs, that the newly enacted election laws burden their First Amendment rights.

2

*Id.* ¶¶110-125. They ask the court to enter a preliminary and permanent injunction precluding the use of the 2026 districts and to declare that the General Assembly's actions were unlawful. *Id.* ¶6; *id.* p.57-58 (Prayer for Relief). And they have requested a three-judge panel pursuant to 28 U.S.C. §2284. On May 14, 2026, the *Sherman* case was reassigned to Chief Judge Campbell consistent with Administrative Order 176. Dkt. 29, *Sherman v. Hargett*, No. 3:26-cv-00616.

The third-filed case is the instant case, *NAACP v. Hargett*, No. 3:26-cv-00638 (M.D. Tenn.), filed on May 13, 2026. Here, a group of voters and four organizations sued Secretary of State Hargett, Coordinator Goins, and the State Election Commission and its members. *See generally* Dkt. 1. Their claim is the same as the *Sherman* plaintiffs—that the 2026 Plan was drawn with racially discriminatory purpose and is unconstitutional. Dkt. 1 at ¶¶144-156. They allege that the 2026 map was "adopted with discriminatory intent, disenfranchises Black voters in Congressional District 9, and makes unlawful use of race in violation of the Fourteenth and Fifteenth Amendment." *Id.* ¶10. Like the *Hale* and *Sherman* plaintiffs, they ask this Court to declare "that the portions of the Congressional plan relating to the drawing of Congressional District 9" were enacted with a "discriminatory purpose on the basis of race" and to issue preliminary and permanent injunctions enjoining Defendants from "conducting any elections under the newly adopted map." *Id.* p.36 (Prayer for Relief).

3

## LEGAL STANDARD

This Court's Administrative Order 176 governs related cases. "[A]ll new civil cases shall be assigned on a random selection basis." A.O. 176(I)(a). Where cases are related, a party can "request reassignment of a new case as a Related case." A.O. 176(II)(b). This Court considers whether "[t]he cases arise out of the same transaction, occurrence, or series of transactions or occurrences," "[t]he cases involve common questions of law or fact," "[t]he cases involve one or more of the same parties," "[t]he relief sought in the cases could result in a party being subject to conflicting orders or judgments," "substantial duplication of effort and expense by the Court and the parties could occur if different District Judges presided over the cases," "[s]ubstantial savings of judicial time and resources could result if the cases were handled by the same District Judge," or "[i]t is in the interest of justice, based on the totality of the circumstances, for the same District Judge to preside over each of the cases." A.O. 176(I)(c)(1)-(7); *accord Downs v. Core Civic*, No. 3:24-CV-01462, 2025 WL 1805310, at *3 (M.D. Tenn. June 26, 2025) (applying factors).

The process for seeking reassignment for related cases is as follows. "[U]pon Motion of a party, supported by a Memorandum," a pending civil case can be "determined to be a Related Case" and reassigned. A.O. 176(II)(b). If "the District Judges presiding over each of the cases determine and agree that the cases are Related Cases," then "Related Cases shall be transferred to the District Judge presiding over the first case filed."

*Id.* (II)(d). "The District Judge presiding over the reassigned case shall enter an Order making the transfer and explaining the reasons for the reassignment." *Id.*

## ARGUMENT

Defendants respectfully request that this later-filed case be reassigned as a related case to the first- and second-filed cases that are now pending before Chief Judge Campbell. Each factor for related cases is satisfied.

All three cases undoubtedly "arise[] out of the same transaction or occurrence (namely the May 2026 redistricting)." A.O. 176(I)(c)(1). They each arise "out of the same event, the recently constructed congressional districts." *Sherman v. Hargett*, No. 3:26-cv-00616, Dkt. 29 (May 14, 2026) (Order granting reassignment). All three actions name the Secretary of State and other state officials as defendants, satisfying the factor that the actions involve "one or more of the same parties." A.O. 176(I)(c)(3). There are also "common questions of law or fact." A.O. 176(I)(c)(2). All actions challenge the redistricting of Tennessee's congressional districts on constitutional grounds, and the arguments on the equities are overlapping, *infra*. This case and the *Sherman* case, moreover, bring the same cause of action, alleging the 2026 districts were the product of unconstitutional racial discrimination.

At bottom, all the cases require the court to assess the constitutionality of the 2026 congressional map. These overlapping issues of law and fact suffice for reassignment. *See Maxwell v. I.R.S.*, No. CIV. 3090308, 2009 WL 920533, at *5 (M.D. Tenn. Apr. 1, 2009) (cases

reassigned where both "involve[d] IRS summonses related to an investigation of Petitioner's potential tax liability").

All plaintiffs seek the same injunctive relief, including emergency interim relief. That means there will be overlapping arguments and defenses on the equities, where a court must decide whether the Plaintiffs in each case are "likely to suffer irreparable harm" if the new map is not enjoined, whether "the balance of equities" favors an injunction, and whether "an injunction is in the public interest." *Enchant Christmas Light Maze & Market Ltd. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2020). It also means that, on an emergency basis without reassignment, there would be "[s]ubstantial duplication of effort and expense by the Court and the parties." *Id.* §I(c)(5)-(6). The State may also be "subject to conflicting orders," A.O. 176(I)(c)(4), where, for example, one court may decide the equities differently than the other.

Additionally, parties have requested that all three cases be heard by a three-judge court under 28 U.S.C. §2284. Plaintiffs here have requested a three-judge court in their Complaint, which Defendants agree is appropriate. So did Plaintiffs in *Sherman*. In *Hale*, Chief Judge Campbell requested briefing on that issue, and Defendants briefed their position that a three-judge panel should be assigned to hear the constitutional claims in *Hale* as well. *See also* Dkt. 37, Defs.' Memorandum of Law in Support of Application of 28 U.S.C. §2284, *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn.). The *Hale* Plaintiffs do not oppose a three-judge panel. *See id.* Dkt. 38. The cases should be reassigned to the first-filed case

so they can be heard together by the same three-judge court, avoiding the burdensome prospect of multiple three-judge panels wading through the cases' many overlapping legal and factual issues on a compressed timeline.

Given the substantial savings of judicial and party time and resources, and the risk of inconsistent orders, the "interests of justice" strongly weigh in favor of reassignment here. A.O. 176(I)(c)(7).

## CONCLUSION

For all these reasons, Defendants respectfully request that the Court grant this Motion for Reassignment.

Dated: May 15, 2026                    Respectfully submitted,

                                       JONATHAN SKRMETTI
                                       Attorney General and Reporter

                                       */s/ Andrew Denning*
                                       ZACHARY L. BARKER (BPR #035933)
                                       *Senior Assistant Attorney General*

                                       ANDREW DENNING (BPR #042208)
                                       *Assistant Attorney General*
                                       Office of the Tennessee Attorney General
                                       P.O. Box 20207
                                       Nashville, Tennessee 37202-0207
                                       Phone: (615) 532-7400
                                       Zachary.barker@ag.tn.gov
                                       Andrew.denning@ag.tn.gov
                                       (615) 532-4098

                                       TAYLOR A.R. MEEHAN (PHV forthcoming)
                                       BRYAN K. WEIR (PHV forthcoming)
                                       OLIVIA C. ROGERS (PHV forthcoming)
                                       Consovoy McCarthy PLLC
                                       1600 Wilson Blvd., Suite 700
                                       Arlington, VA 22209
                                       taylor@consovoymccarthy.com
                                       bryan@consovoymccarthy.com
                                       orogers@consovoymccarthy.com

                                       *Counsel for Defendants*

8