# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| AMBER SHERMAN, *et al.* | § § § § | |
| *Plaintiffs,* | § | |
| V. | § § | Case No. 3:26-cv-00616 [Lead Case] |
| TRE HARGETT, *et al.*, | § § | |
| *Defendants.* | § § § | |
| TENNESSEE STATE CONFERENCE OF THE NAACP, *et al.* | § § § | |
| *Plaintiffs,* | § § | Case No. 3:26-cv-00638 [Consolidated Case] |
| V. | § § | |
| TRE HARGETT, *et al.*, | § § § | |
| *Defendants.* | § § § | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL REPORT AND ATTACHED REPORT (DKT. 47 & 47-1) AND MEMORANDUM OF LAW**

Plaintiffs respectfully move to strike Defendants' Notice of Supplemental Report and the attached Supplemental Declaration of Dr. Michael Barber (Dkt. 47 & 47-1) (collectively "Supplemental Report") because it is an improper sur-reply for which Defendants did not seek or obtain leave of court.

The Court has broad discretion to manage its docket by striking untimely or improperly filed documents. *ACLU of Kentucky v. McCreary County, Ky.,* 607 F.3d 439, 451 (6th Cir. 2010) (district courts have inherent authority to strike filings that do not comply with established deadlines). This includes striking, or refusing to consider, sur-replies filed without leave of court. *See, e.g., Wasco, Inc. v. Adena Corp.*, 2025 WL 2796785, * 1, fn. 1 (M.D. Tenn. Sept. 26, 2025)

(refusing to consider improper sur-reply and attachment where party "failed to abide by Local Rule 7.01" and filed a sur-reply and attachment without leave of court); *Parks v. Deibel Labs. of Tenn., LLC,* 2025 WL 876766, *2 (E.D. Tenn. Mar. 20, 2025) (striking late filed reply and sur-reply filed without leave of court).

Here, Plaintiffs filed a motion for preliminary injunction ("Motion") on June 9, 2026. (Dkt. 31). Defendants filed their opposition on June 23, 2026 (Dkt. 37), and Plaintiffs filed their reply on June 30, 2026 (Dkt. 45). This Court's rules do not allow for any other briefing on the Motion absent leave of court. *See* M.D. Tenn. L.R. 7.01; *Wasco*, 2025 WL 2796785, at *1, fn. 1.

On July 7, 2026, one week after briefing on the Motion closed, Defendants filed the Supplemental Report. (Dkt. 47). The Supplemental Report is an improperly filed sur-reply (misleadingly captioned as a "Notice") in which Defendants attempt to respond to arguments made by Plaintiffs in their reply brief. *See id*. Defendants and Dr. Barber claim that they are responding to "new analysis" in Dr. Duchin's rebuttal report, but Dr. Duchin's report includes analysis that responds to Dr. Barber's critiques of her opinions to demonstrate that they lack substance. Plaintiffs' preliminary injunction motion relies on the opinions expressed in Dr. Duchin's initial report and relies on the rebuttal report only to show that Dr. Barber has failed to undermine her conclusions. This is an entirely proper role for a rebuttal report from the party bearing the burden on the relevant issue.

The Court should strike the Supplemental Report, or expressly decline to consider it, because Defendants did not seek and obtain leave of court. Plaintiffs will otherwise be prejudiced

2

due to their inability to respond to the Supplemental Report, thereby giving the non-moving party the last word in contravention of basic notions of due process and fair play.[1]

Per L.R. 7.01(a)(1), Counsel for the Plaintiffs have conferred with opposing counsel, who oppose the relief requested in the motion.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Strike should be granted.

Dated: July 10, 2026                                    Respectfully submitted,

**TURNER FEILD, PLLC**
Van D. Turner, Jr. (TN Bar No. 022603)
2650 Thousand Oaks Boulevard, Suite 2325
Memphis, TN 38118
(901) 290-6610
vturner@turnerfeildlaw.com

**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
Kristen Clarke*
Anthony P. Ashton*
4805 Mt. Hope Drive
Baltimore, MD 20215
(410) 580-5777
legal@naacpnet.org

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
/s/ *JENNIFER NWACHUKWU*
Robert Weiner *
Jennifer Nwachukwu*
Olivia Sedwick*
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8600
rweiner@lawyerscommittee.org
jnwachukwu@lawyerscommittee.org
osedwick@lawyerscommittee.org

**NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.**
Kathryn Sadavasian*
Colin Burke**
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
ksadavasian@naacpldf.org
cburke@naacpldf.org

---

[1] Alternatively, if the Court is inclined to consider the Supplemental Report, then Plaintiffs should be given an opportunity to respond and hereby request leave of court to file a response within 3 days of the Court's ruling on this motion.

3

**BRYAN CAVE LEIGHTON PAISNER LLP**
Meryl Macklin**
Jon Fetterly**
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
(415) 675-3433
meryl.macklin@bclplaw.com
jon.fetterly@bclplaw.com

*Admitted *pro hac vice*
** *Pro hac vice* motion pending

4

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that the foregoing motion was filed on July 10, 2026. A true and correct copy of that filing was forwarded on the same day via the Court's CM/ECF system on all counsel of record.

/s/ Jennifer Nwachukwu
Jennifer Nwachukwu

5