# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

TENNESSEE STATE CONFERENCE
OF THE NAACP, *et al.*,

  *Plaintiffs,*

v.

TRE HARGETT, in his official capacity as
Secretary of State of Tennessee, *et al.*,

  *Defendants.*

)
)
)
)
)
)
)
)
)
)

No. 3:26-cv-00638
THREE-JUDGE COURT

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' NOTICE OF SUPPLEMENTAL REPORT AND ATTACHMENT

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

RESPONSE ...........................................................................................................1

    I.      Plaintiffs' motion is procedurally improper. ............................................1

    II.     Plaintiffs misconstrue Defendants' filing. ...............................................3

CONCLUSION ....................................................................................................4

i

# TABLE OF AUTHORITIES

Page(s)

Cases

*Brown & Williamson Tobacco Corp. v. United States*,
  201 F.2d 819 (6th Cir. 1953)......................................................................................... 2
*Byrd v. Wine*,
  No. 3:16-cv-2738, 2017 WL 67993 (M.D. Tenn. Jan. 6, 2017) .............................................. 2
*Chinnock v. Navient Corp.*,
  No. 1:18-cv-2935, 2019 WL 1767310 (N.D. Ohio Apr. 22, 2019)........................................... 1
*HLFIP Holding, Inc. v. Rutherford Cnty., Tenn.*,
  No. 3:19-cv-00714, 2020 WL 6484254 (M.D. Tenn. Sept. 13, 2020) ...................................... 1
*Hooks v. Target Corp.*,
  No. 5:22-cv-00052, 2023 WL 4680337 (C.D. Cal. May 11, 2023) ........................................... 3
*Lopez v. Trans Union LLC*,
  No. 25-12733, 2025 WL 2976840 (E.D. Mich. Oct. 17, 2025) ................................................ 1
*Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*,
  783 F.3d 1045 (6th Cir. 2015).......................................................................................... 2
*Tiger Lily LLC v. HUD*,
  No. 2:20-cv-2692, 2020 WL 7682546 (W.D. Tenn. Oct. 26, 2020)......................................... 3
*Westgate Resorts, Ltd. v. Wesley Fin. Grp., LLC*,
  No. 3:20-cv-00599, 2023 WL 5055431 (M.D. Tenn. Aug. 8, 2023) .............................. 1, 2, 4

Rules

Fed. R. Civ. P. 7(a)....................................................................................................... 1
Fed. R. Civ. P. 12(f)...................................................................................................... 1

**RESPONSE**

Plaintiffs filed a procedurally improper motion. It has no merit. Plaintiffs submitted a belated expert declaration with an entirely new simulation analysis—Dr. Moon Duchin's "Second declaration concerning Tennessee redistricting," Dkt. 45-1—and Dr. Barber responded as any expert would do. The Federal Rules allow motions to strike *pleadings*, not a supplemental expert declaration simply because Plaintiffs would rather this Court not see what Dr. Barber had to say. This Court should deny Plaintiffs' motion to strike.

## I.      Plaintiffs' motion is procedurally improper.

Motions to strike are governed by Federal Rule of Civil Procedure 12(f) and apply only to pleadings. *See HLFIP Holding, Inc. v. Rutherford Cnty., Tenn.*, No. 3:19-cv-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020); Fed. R. Civ. P. 12(f). Notices, declarations, motions, responses, and replies do not constitute "pleadings" under the Federal Rules. *See* Fed. R. Civ. P. 7(a). Courts in this Circuit repeatedly reject motions to strike directed at such filings, emphasizing that Rule 12(f) simply does not apply. *See Westgate Resorts, Ltd. v. Wesley Fin. Grp., LLC*, No. 3:20-cv-00599, 2023 WL 5055431, at *1 (M.D. Tenn. Aug. 8, 2023) (declining to strike a declaration because it is "not a pleading, nor does it contain the type of material contemplated by Rule 12(f)"); *Lopez v. Trans Union LLC*, No. 25-12733, 2025 WL 2976840, at *2 (E.D. Mich. Oct. 17, 2025) (holding that "[a] response brief is not a pleading as defined under Rule 7(a)"); *Chinnock v. Navient Corp.*,

1

No. 1:18-cv-2935, 2019 WL 1767310, at *1 (N.D. Ohio Apr. 22, 2019) (denying a motion to strike because the challenged material was not a pleading).

Moreover, "motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking … is a drastic remedy to be resorted to only when required for the purposes of justice."). Motions to strike are disfavored because "more often than not," they are "simply 'time wasters' that tie up the court and the parties in 'purely cosmetic' matters." *Westgate Resorts, Ltd.*, 2023 WL 5055431, at *1. Non-pleadings should be stricken "only … when the material at issue has no possible relation to the controversy." *Byrd v. Wine*, No. 3:16-cv-2738, 2017 WL 67993, at *2 (M.D. Tenn. Jan. 6, 2017) (internal quotation marks omitted).

That is plainly not the case here. With Plaintiffs' reply in support of their motion for preliminary injunction, they submitted a belated expert declaration with an entirely new simulation analysis that Dr. Duchin could have offered in her first declaration. *See* Dkt. 45-1. Plaintiffs' reply touts that belated simulation analysis as evidence of racial purpose that requires a preliminary injunction. *See* Dkt. 45 at 6. But Dr. Barber, having reserved the right to supplement his opinions as experts always do, simply submitted a supplemental report explaining the belated simulation analysis did no such thing. *See* Dkt. 47-1. That supplemental declaration responds directly to Dr. Duchin's *new* factual

2

assertions derived from that belated simulation analysis. There is no basis under the Rules for striking it.

## II.    Plaintiffs misconstrue Defendants' filing.

Even if Plaintiffs' Motion were procedurally proper, the Court should still deny it. Defendants did not file a sur-reply. *Contra* Dkt. 49 at 1. Indeed, Defendants offered no additional legal argument in their notice of supplemental report. Dkt. 47. Dr. Barber simply reviewed the new facts submitted by Plaintiffs' experts and updated his opinions. Dkt. 47-1.

Plaintiffs still have not explained why they did not offer the simulation analysis in Dr. Duchin's "Second declaration" from her first declaration attached to Plaintiffs' preliminary injunction motion. There was no impediment to conducting the exact analysis in her "Second declaration" the first time. Whether innocuous or strategic, Plaintiffs' submitting new facts and new arguments with a reply brief is a practice that courts have deemed improper. *See Tiger Lily LLC v. HUD,* No. 2:20-cv-2692, 2020 WL 7682546, at *2-3 (W.D. Tenn. Oct. 26, 2020); *Hooks v. Target Corp.,* No. 5:22-cv-00052, 2023 WL 4680337, at *1 (C.D. Cal. May 11, 2023) ("Raising new facts or arguments on reply is improper.").

Plaintiffs attempt to minimize Dr. Duchin's "Second declaration" by saying it is simply a "rebuttal report" showing Dr. Barber did not "undermine her conclusions." Dkt. 49 at 2. But Dr. Duchin's entirely new simulation analysis is not mere rebuttal. She created

millions more alternative maps—all splitting a string of rural counties seemingly in search of a racial target, Dkt. 47-1 at 14—that Dr. Barber had no opportunity to respond to in his initial declaration. Dkt. 45-1 at 4 ("I have now provided an additional set of maps[.]"). In his initial declaration, Dr. Barber reserved "the right to modify, update, or supplement [his] opinions in light of additional facts, testimony and/or materials that may become available." Dkt. 37-2 at 33. When Plaintiffs' expert supplied an entirely new simulation analysis, Dr. Barber supplemented his opinions consistent with that reservation. And it is only fair that Dr. Barber be allowed to update and supplement his opinions to account for the new analysis so belatedly disclosed by Dr. Duchin.

There is no "irrelevant, inadmissible, unsupported, or redundant material" to be struck. *Westgate Resorts, Ltd.*, 2023 WL 5055431, at *1. Both Dr. Duchin's and Dr. Barber's opinions go to the heart of the matter. Indeed, that is what makes Dr. Duchin's belated disclosure so puzzling. Either both experts should be heard on Dr. Duchin's entirely new simulation analysis, or neither should. But there is no basis for allowing Dr. Duchin to offer millions more maps and then ignore Dr. Barber's response. *Contra* Dkt. 49 at 2.

**CONCLUSION**

For the above reasons, this Court should deny Plaintiffs' motion to strike.

4

Dated: July 23, 2026                    Respectfully submitted,


                                        JONATHAN SKRMETTI
                                        Attorney General and Reporter

                                        /s/ *Zachary L. Barker*
                                        ZACHARY L. BARKER (BRP #035933)
                                        *Senior Assistant Attorney General*

                                        ANDREW DENNING (BPR #042208)
                                        *Assistant Attorney General*
                                        Office of the Tennessee Attorney General
                                        P.O. Box 20207
                                        Nashville, Tennessee 37202-0207
                                        Phone: (615) 532-7400
                                        Zachary.barker@ag.tn.gov
                                        Andrew.denning@ag.tn.gov
                                        (615) 532-4098

                                        TAYLOR A.R. MEEHAN (admitted PHV)
                                        BRYAN K. WEIR (admitted PHV)
                                        THOMAS A. WILSON (admitted PHV)
                                        SOREN GEIGER (admitted PHV)
                                        Consovoy McCarthy PLLC
                                        1600 Wilson Blvd., Suite 700
                                        Arlington, VA 22209
                                        taylor@consovoymccarthy.com
                                        bryan@consovoymccarthy.com
                                        twilson@consovoymccarthy.com
                                        soren@consovoymccarthy.com

                                        *Counsel for Defendants*

I certify that this response was filed electronically on July 23, 2026. A true and

correct copy of that filing was forwarded via the Court's CM/ECF system and/or U.S.

Mail postage prepaid upon the following:

Van Davis Turner, Jr.
Turner Field, PLLC
2650 Thousand Oaks Boulevard
Ste 2325
Memphis, TN 38118
901-290-6610
Fax: 901-290-6611
Email: vturner@turnerfeildlaw.com

/s/ *Zachary L. Barker*
ZACHARY L. BARKER
Senior Assistant Attorney General