**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| AMBER SHERMAN, *et al.*<br><br>*Plaintiffs,*<br>V.<br><br>TRE HARGETT, *et al.*,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:26-cv-00616<br>[Lead Case] |
| TENNESSEE STATE CONFERENCE OF THE NAACP, *et al.*<br><br>*Plaintiffs,*<br>V.<br><br>TRE HARGETT, *et al.*,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:26-cv-00638<br>[Consolidated Case] |

**JOINT NOTICE REGARDING REQUEST FOR HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to this Court's July 28 Order, ECF No. 55, the parties respectfully submit their respective positions regarding the pending request for a hearing on Plaintiffs' Motion for Preliminary Injunction.

**1**. Plaintiffs filed their Motion as soon as was practicable after the passage of the map in question. The Motion was fully briefed on June 30, 2026 – one month ago. Plaintiffs are available and request a hearing as soon as possible on August 3, August 4, or August 5 in light of the August 6 Congressional primary election at issue in the pending Motion.[1] Plaintiffs are available for

[1] Plaintiffs also are available during the weeks of August 10-14 and August 17-21.

extended hearing session hours on each of these dates. Plaintiffs will present distinct legal arguments, and factual and expert evidence, in support of their request for relief. Plaintiffs are also amenable to holding the hearing by videoconference.

**2.** Defendants' position is that argument on Plaintiffs' motion and the associated cost cannot be justified. Plaintiffs delayed filing their motion until weeks before early voting began. Preliminarily enjoining the use of districts at this point in the election calendar, when voting is well underway, would guarantee a violation of state and federal laws for absentee ballots. No argument or evidence at a hearing can change the fact that it is far too close to the election for judicial intervention. *See Allen v. Milligan*, 146 S. Ct. 1377, 1381 (2026) (cautioning courts not to "alter the election rules on the eve of an election"); *Abbott v. LULAC*, 146 S. Ct. 418, 419 (2025) (same). Nor have Plaintiffs come close to establishing a constitutional violation that could warrant such extreme disruption of Tennessee's ongoing congressional elections for reasons explained in this Court's order denying plaintiffs' similar request for relief in *Sherman v. Hargett*, No. 3:26-cv-00616, ECF 62 (July 23, 2026). A hearing will not add to the parties' submissions. Plaintiffs' motion can be denied without it.[2]

Should the Court disagree, Defendants respectfully request that the Court combine any hearing on plaintiffs' preliminary injunction motion with oral argument on the pending motions to

---

[2] *See, e.g.*, *Big Time Worldwide Concert & Sport Club at Town Ctr. v. Marriott Int'l*, 236 F. Supp. 2d 791, 794 (E.D. Mich. 2003) ("a hearing would not be necessary if the movant is proceeding on a legal theory which cannot be sustained"); *Heid v. Aderholt*, 2022 WL 3025431, *9 (S.D. Ohio Aug. 1, 2022) (finding "[a] hearing would be highly redundant" with earlier proceedings in a related case); *Tucei v. BP Expl. & Prod.*, 2023 WL 322497, at *1 (S.D. Miss. Jan. 19, 2023) ("find[ing] it unnecessary to hold oral argument" where the court had "reviewed almost verbatim arguments in numerous other cases"); *Johnson v. Holway*, 329 F. Supp. 2d 12, 14 n.1 (D.D.C. 2004) (denying request for evidentiary hearing where "record before the Court [wa]s sufficient to determine" plaintiffs were not likely to succeed on merits); *Hoffard v. Cnty. of Cochise*, 2020 WL 6555235, at *2 (D. Ariz. 2020) (denying motion for preliminary injunction hearing where "oral argument [would] not aid in resolution of the issue raised").

dismiss in September or at the Court's convenience. Defendants request any such hearing occur in person. Defendants note lead counsel is unavailable from August 10 through August 19 and, should Plaintiffs intend to present expert testimony, Defendants' expert is unavailable before August 10 due to planned family trips.

Dated: July 30, 2026

Respectfully submitted,


**TURNER FEILD, PLLC**
Van D. Turner, Jr. (TN Bar No. 022603)
2650 Thousand Oaks Boulevard, Suite 2325
Memphis, TN 38118
(901) 290-6610
vturner@turnerfeildlaw.com

**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
Kristen Clarke*
Anthony P. Ashton*
4805 Mt. Hope Drive
Baltimore, MD 20215
(410) 580-5777
legal@naacpnet.org
aashton@naacpnet.org
kclarke@naacpnet.org

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
*/s/ JENNIFER NWACHUKWU*
Robert Weiner *
Jennifer Nwachukwu*
Olivia Sedwick*
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8600
rweiner@lawyerscommittee.org
jnwachukwu@lawyerscommittee.org
osedwick@lawyerscommittee.org

**NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.**
Kathryn Sadavasian*
Colin Burke**
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
ksadavasian@naacpldf.org
cburke@naacpldf.org

**BRYAN CAVE LEIGHTON PAISNER LLP**
Meryl Macklin**
Jon Fetterly**
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
(415) 675-3433
meryl.macklin@bclplaw.com
jon.fetterly@bclplaw.com

*Admitted *pro hac vice*
** *Pro hac vice* motion pending

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Zachary L. Barker*
ZACHARY L. BARKER (BRP #035933)
*Senior Assistant Attorney General*

ANDREW DENNING (BPR #042208)
*Assistant Attorney General*
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-7400
Zachary.barker@ag.tn.gov
Andrew.denning@ag.tn.gov
(615) 532-4098

TAYLOR A.R. MEEHAN (admitted PHV)
BRYAN K. WEIR (admitted PHV)
THOMAS A. WILSON (admitted PHV)
SOREN GEIGER (admitted PHV)

Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
taylor@consovoymccarthy.com
bryan@consovoymccarthy.com
twilson@consovoymccarthy.com
soren@consovoymccarthy.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing motion was filed on July 30, 2026. A true and correct copy of that filing was forwarded on the same day via the Court's CM/ECF system on all counsel of record.

/s/ Jennifer Nwachukwu
Jennifer Nwachukwu